UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| KRISPY KRUNCHY FOODS, L.L.C. | CIVIL ACTION NO. |
| VERSUS | JUDGE _____ |
| JENNA MARKETING, L.L.C. | MAGISTRATE JUDGE _____ |

**COMPLAINT**

NOW comes KRISPY KRUNCHY FOODS, L.L.C. ("KKF") who, for its complaint, avers as follows:

*PARTIES*

1. KKF is a Louisiana limited liability company. The members of KKF are: Petron, LLC, a Louisiana limited liability company; Wurster Oil, LLC, a Louisiana limited liability company; NGO Management Co., LLC, a Louisiana limited liability company; DGS, LLC a Louisiana limited liability company; and AVAGG, LLC, an Illinois limited liability company.

2. KKF is domiciled in the states of Louisiana, Tennessee, Illinois, Mississippi, Georgia, and New York:

   a. The members of Petron are: Joanne T. Ayres, who is domiciled in Louisiana; Steve A. Ayres, who is domiciled in Louisiana; Anne Ayres, who is domiciled in Tennessee; Laura Ayres (Hilleke), who is domiciled in Louisiana; Leigh Ayres (Lucas), who is domiciled in Mississippi; Pamela Johnson (Ayres), who is domiciled in Louisiana; Loye S. Ayres, who is domiciled in Louisiana; Charles T. Ayres, who is domiciled in Louisiana; the John Richardson Ayres

Special Needs Trust, which is domiciled in Louisiana; Thomas Hilleke, who is domiciled in Louisiana; Anne M Hilleke (Wolfe), who is domiciled in Georgia; David O. Hilleke, who is domiciled in Tennessee; Sarah M. Hilleke (Richey), who is domiciled in Louisiana; Kathryn LuChen Ayres, who is domiciled in New York; Meri M. Lucas (Eldridge), who is domiciled in Mississippi; and Robert G. Lucas, who is domiciled in Mississippi.

b. The members of Wurster Oil, LLC, a Louisiana limited liability company, are: Diane Thornton, who is domiciled in Louisiana; David Thornton, who is domiciled in Louisiana, and Angela Thornton Moore, who is domiciled in Tennessee.

c. The member of NGO Management Co., LLC, a Louisiana limited liability company is: Neal Onebane, who is domiciled in Louisiana;

d. The members of DGS, LLC a Louisiana limited liability company, are: Dan Shapiro, who is domiciled in Louisiana, and Debbie Shapiro, who is domiciled in Louisiana; and

e. The member of AVAGG, LLC, an Illinois limited liability company, is Jeanne Cullen, who is domiciled in Illinois.

3. Made defendant is Jenna Marketing, LLC ("Jenna"), a California limited liability company. According to Jenna's most recent filing with the California Secretary of State, its members/managers are: (a) Harry Markowitz, a domiciliary of the State of California, and (b) Tony Thapthimthong, also a domiciliary of the State of California.

## JURISDICTION

4. The Court has jurisdiction to hear this dispute pursuant to 28 U.S.C. §1332 because the value of the matter in controversy is greater than $75,000 and is between citizens of different states.

## VENUE

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Western District of Louisiana, Lafayette Division, because (a) the articles of organization of the two Louisiana limited liability companies at issue were executed in Lafayette Parish, Louisiana; (b) the contract entered into by the parties was executed, in part, in Lafayette Parish, Louisiana; and (c) the registered offices of the two Louisiana limited liability companies are located in Rapides Parish, Louisiana.

## APPLICABLE LAW

6. KKF seeks judicial dissolution of two limited liability companies, organized under Louisiana's Limited Liability Company Law, of which it is a member. La. Rev. Stat. § 12:1335 specifically authorizes "any court of competent jurisdiction," upon application by a member, to decree dissolution of a Louisiana limited liability company "whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement."

7. KKF also seeks to terminate a contract that contains no term. The Louisiana Civil Code allows the termination of such a contract at the will of either party. "A contract of unspecified duration may be terminated at the will of either party by giving notice, reasonable in time and form, to the other party." La. Civ. Code art. 2024.

8. KKF seeks a declaratory judgment acknowledging that (a) KKF has given reasonable notice of the termination of the contract, (b) the contract is now terminated, and (c) any

and all rights, duties, and obligations under the contract are dissolved. Federal law allows the Court to issue such a declaration under the facts of this case. 28 U.S.C. § 2201(a).

### *GENERAL ALLEGATIONS*

9. KRISPY KRUNCHY FOODS – LOS ANGELES, L.L.C. ("KKF-Los Angeles") is a Louisiana limited liability company that was formed in 2011 in Lafayette Parish, Louisiana.

10. On August 5, 2013, KKF-Los Angeles was registered to conduct business operations in the State of California.

11. On July 31, 2014, the name of KKF-Los Angeles was changed to KRISPY KRUNCHY FOODS – CALIFORNIA, L.L.C. ("KKF-California") and remains known by that name.

12. KKF-California has been in constant operation since 2011.

13. In 2011, KKF and Jenna entered into a contract entitled, "Agreement and Consent to Admission of Assignee Jenna Marketing, LLC, as a New Member" ("Agreement").

14. Since 2011, Jenna has expanded the scope of its operations and, most recently, has been conducting sales in the states of California, Arizona, Oregon, Washington and Nevada.

15. KKF has concluded that the manner in which KKF-California currently is being operated is no longer feasible including, among other reasons, due to the conduct of Jenna's member and sales representative, Harry Markowitz, as well as the sales representative, Scott Markowitz (hereinafter collectively "Markowitz").

16. KKF proposed to Jenna a new operating agreement and offered to engage in negotiations with Jenna to develop an agreement with terms acceptable to both parties.

17. After extensive and lengthy negotiations, KKF has concluded that it is not possible to reach an amicable agreement to continue operating KKF-California under terms that are acceptable to both members.

18. While KKF's negotiations were ongoing with Jenna, one of KKF's major, national customers notified KKF that the customer was dissatisfied with Markowitz. The customer further informed KKF that it was considering terminating its relationship with KKF unless Markowitz were removed entirely from the customer's business relationship with KKF, so that the customer and its employees would never have to deal with Markowitz again.

19. After receiving this national customer's complaint, KKF conducted an internal investigation and found substantial evidence to suggest that the complaint is well-founded. Based on this investigation, other information regarding the conduct of Markowitz, and the fact that Jenna was unable to work out an amicable solution with KKF on a new agreement with Jenna, KKF concluded that terminating its business relationship with Jenna and Markowitz is essential to the health of its business, reputation and future operations.

20. KRISPY KRUNCHY FOODS – PHOENIX, L.L.C. ("KKF-Phoenix") is a Louisiana limited liability company that was formed in 2011 in Lafayette Parish, Louisiana.

21. KKF-Phoenix was registered to operate in the State of Arizona in 2017 and in the State of California in 2018.

22. In the Annual Report for 2019 filed on behalf of KKF-Phoenix with the Louisiana Secretary of State, Jenna was identified as a member of KKF-Phoenix.

23. To the best of KKF's knowledge, no formal operating agreement was ever entered into between itself and Jenna concerning the operations of KKF-Phoenix.

24. KKF has concluded that the manner in which KKF-Phoenix currently is being operated is no longer feasible.

25. KKF proposed to Jenna a new operating agreement and offered to engage in negotiations with Jenna to develop an agreement with terms acceptable to both parties.

26. After extensive and lengthy negotiations, KKF has concluded that it is not possible to reach an amicable agreement to continue operating KKF-Phoenix under terms that are acceptable to both members.

### *COUNT ONE – JUDICIAL DISSOLUTION (KKF-CALIFORNIA)*

27. The foregoing allegations are adopted and reiterated as though fully set forth in this count.

28. The two members of KKF-California, KKF and Jenna, disagree about the company's ongoing operations.

29. Jenna and KKF have reached an impasse on the terms under which the business can be conducted on an ongoing basis.

30. KKF has reached the conclusion that a continued business relationship with Jenna would undermine the health of its business and its business reputation.

31. For these reasons, it is not reasonably practicable to carry on the business of KKF-California.

32. KKF is entitled to judicial dissolution of KKF-California pursuant to La. Rev. Stat. 12:1335, and seeks an order of judicial dissolution from this Court.

### *COUNT TWO – JUDICIAL DISSOLUTION (KKF-PHOENIX)*

33. The foregoing allegations are adopted and reiterated as though fully set forth in this count.

34. The two members of KKF-Phoenix, KKF and Jenna, disagree about the company's ongoing operations.

35. Jenna and KKF have reached an impasse on the terms under which the business can be conducted on an ongoing basis.

36. KKF has reached the conclusion that a continued business relationship with Jenna would undermine the health of its business and its business reputation.

37. For these reasons, it is not reasonably practicable to carry on the business of KKF-Phoenix.

38. KKF is entitled to judicial dissolution of KKF-Phoenix pursuant to La. Rev. Stat. 12:1335, and seeks an order of judicial dissolution from this Court.

### *COUNT THREE – DECLARATORY JUDGMENT*

39. The foregoing allegations are adopted and reiterated as though fully set forth in this count.

40. To the extent Jenna and/or Markowitz claim any rights pursuant to the Agreement once KKF-California and KKF-Phoenix have been dissolved, KKF seeks a declaratory judgment stating that neither Jenna nor Markowitz has any remaining right under the Agreement.

41. Pursuant to the Agreement (*i.e.*, the contract entered into by KKF and Jenna in 2011), KKF acknowledged its assignment of an interest in KKF-California to Jenna, and admitted Jenna as a member of KKF-California. The Agreement also imposed certain rights, duties, and obligations upon both members of KKF-California.

42. KKF-California is a central component of the business relationship established by the Agreement. For this reason, the dissolution of KKF-California will have the legal effect of

terminating the Agreement. In an abundance of caution, however, KKF asserts a claim for termination of the Agreement in its entirety.

43. The Agreement does not contain a term.

44. Pursuant to Louisiana law, a contract without a term is dissolvable at the will of either party to the contract. "A contract of unspecified duration may be terminated at the will of either party by giving notice, reasonable in time and form, to the other party." La. Civ. Code art. 2024. KKF provided notice of the termination of the Agreement on November 4, 2020 by providing a written letter *via* Federal Express delivery with confirmed signature to Harry Markowitz, Member of Jenna, and by oral communication via telephone to Harry Markowitz.

45. KKF seeks a declaratory judgment that the Agreement has been terminated and that the rights and obligations established therein have been dissolved.

*PRAYER*

WHEREFORE, premises considered, KRISPY KRUNCHY FOODS, L.L.C. prays for judgment in its favor (a) ordering the dissolution of KRISPY KRUNCHY FOODS – CALIFORNIA, L.L.C., (b) ordering the dissolution of KRISPY KRUNCHY FOODS – PHOENIX, L.L.C., and (c) declaring that the "Agreement and Consent to Admission of Assignee

Jenna Marketing, L.L.C., as a New Member" has terminated and the rights, duties, and obligations established therein are dissolved, and for all general and equitable relief, etc.

Respectfully submitted,

*/s/ Carmen M. Rodriguez*
GARY J. RUSSO #10828
CARMEN M. RODRIGUEZ #22573
BLAIR SUIRE #32708
JONES WALKER LLP
600 Jefferson Street, Suite 1600
Lafayette, LA 70501
Telephone: 337.593.7600
Facsimile:   337.593.7601
Emails:  grusso@joneswalker.com
         carmenrodriguez@joneswalker.com
         bsuire@joneswalker.com

*ATTORNEYS KRISPY KRUNCHY FOODS, L.L.C.*
