UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**KRISPY KRUNCHY FOODS L L C**          **CASE NO.  6:20-CV-01424**

**VERSUS**                              **JUDGE JAMES D. CAIN, JR.**

**JENNA MARKETING L L C**               **MAGISTRATE JUDGE PATRICK J. HANNA**

### REPORT AND RECOMMENDATION

Before this Court is a motion to dismiss filed by defendant Jenna Marketing, LLC ("Jenna"). (Rec. Doc. 20). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. Plaintiff Krispy Krunchy Foods, LLC ("KKF") opposed the motion (Rec. Doc. 23) and Jenna replied. (Rec. Doc. 26).  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, this Court recommends that Jenna's motion be DENIED.

### Factual Background

A complete recitation of facts giving rise to this case is found at Rec. Doc. 31. The Court will not repeat them here, addressing only those relevant to the instant motion.

1

KKF's complaint states three (3) claims: (1) for judicial dissolution of KKF – California pursuant to La. R.S. 12:1335; (2) for judicial dissolution of KKF – Phoenix pursuant to La. R.S. 12:1335; and (3) for declaratory relief declaring that by judicial dissolution of both KKF – California and KKF – Phoenix, the "Agreement and Consent to Admission of Assignee Jenna Marketing, LLC as a New Member" ("Agreement") executed among these entities and Jenna is terminated. (Rec. Doc. 1). KKF seeks the statutory remedy of dissolution based on its contention that it has become impracticable to operate KKF – California and KKF – Phoenix in accordance with the Agreement. (*Id.* at ¶¶ 26, 31, 37).

Jenna seeks dismissal of each of KKF's claims in this suit pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, Jenna asserts that KKF fails to sufficiently allege impracticability under the Agreement and for this reason, this Court should dismiss KKF's claims and deny it the "drastic" remedy of judicial dissolution. (Rec. Docs. 20, 26).

## Law and Analysis

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1] When considering such a motion, a district court must

---

[1] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

limit itself to the contents of the pleadings, including any attachments thereto,[2] accept all well-pleaded facts as true, and view the facts in a light most favorable to the plaintiff.[3] However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[4] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[6] The allegations must be sufficient "to raise a right to relief above the speculative level,"[7] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[8] "While a complaint . . . does

---

2   *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

3   *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

4   *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498.

5   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

6   *Bell Atlantic v. Twombly*, 127 U.S. at 570.

7   *Bell Atlantic v. Twombly,* 127 U.S. at 555.

8   *Bell Atlantic v. Twombly,* 127 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[10]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] "[D]etermining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12] Therefore, "[t]he complaint (1) on its face (2) must contain enough

---

[9] *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[11] *Ashcroft v. Iqbal*, 556 U.S. at 678.

[12] *Ashcroft v. Iqbal*, 556 U.S. at 679.

factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[13]

Applying the relevant law to KKF's complaint, the undersigned finds that the allegations of the complaint are sufficient to state a cognizable claim for judicial dissolution under La. R.S. 12:1335. KKF alleges that it became dissatisfied with the conduct of its member and sales representative, Harry Markowitz and another sales representative, Scott Markowitz, both employees of Jenna. KKF sought to negotiate a new operating agreement with Jenna, but ultimately failed to reach an agreement on the terms of a new operating agreement. Given KKF's dissatisfaction with the Markowitzes' conduct on behalf of the LLCs and their collective failure to reach an amicable renegotiation of the operating agreement as desired by KKF, KKF avers that continued future operation of the LLCs as contemplated in the original agreement is no longer "feasible." (Rec. Doc. 1 at ¶ 24).

Jenna's motion asserts that KKF must allege facts demonstrating not just that KKF no longer cares to engage in business with Jenna, but that it is impracticable to do so. (Rec. Doc. 26 at p. 3). The Court believes that KKF fulfilled this burden, alleging that the Markowitzes engaged in conduct that threatened an important

---

[13] *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

customer relationship and that the two entities engaged in a failed attempt to renegotiate the operating agreement between them as to KKF – California and KKF – Phoenix, which left KKF in what it alleges is an unsatisfactory business arrangement entitling it to judicial dissolution under § 1335.

Although many issues remain for determination in this case, these issues comprise the merits of this case and should not be our focus at the pleadings stage. KKF's allegations are sufficient to apprise Jenna of the claims against it in this suit. Whether KKF can show ultimately entitlement to dissolution under operative law and jurisprudence will and, in all likelihood, further motion practice. At this stage, KKF has adequately set out its claims, providing no basis for dismissal.

We similarly reject Jenna's argument for dismissal of KKF's declaratory relief claim as duplicative. Assuming that the Court makes findings as to the relationship among KKF – California, KKF - Phoenix and Jenna, any impact of a change in status may, indeed, bear upon the respective rights of the parties under the Agreement. Accordingly, while we make no prediction as to the strength of any such claim, we do not find it necessarily duplicative of any other claim. Moreover, the dismissal of any such claim is likely premature at this point in litigation as, again, the Court has made no findings as to the survivability of any LLC at issue herein. The undersigned will recommend that Jenna's motion be denied as to this claim.

## Conclusion

For the reasons discussed above, the undersigned finds that KKF's complaint meets the standard of pleading required of it pursuant to Fed. R. Civ. P.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 3rd day of August, 2021.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE