UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KRISPY KRUNCHY FOODS L L C** | **CASE NO.  6:20-CV-01424 LEAD** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JENNA MARKETING L L C** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## MEMORANDUM RULING

Before the Court is "Plaintiff's Motion for Partial Summary Judgment" (Doc. 57) wherein Krispy Krunchy Foods, LLC ("KKF") moves the Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment. KKF seeks dissolution of Krispy Krunchy Foods—California, LLC ("California") and Krispy Krunchy Foods—Phoenix, LLC ("Phoenix").

## FACTUAL STATEMENT

Formed in 1999, KKF started out as a small Louisiana fried chicken company which owns the Krispy Krunchy® brand. About ten years ago, KKF entered open-ended contractual relationships with "marketing partners," who sold the Krispy Krunchy® fried chicken to retailers. One of these retailers was Defendant Jenna Marketing, LLC ("Jenna").

In 2011, as part of is expansion nationwide, KKF organized two limited liability companies—Krispy Krunchy Foods-California, LLC ("California") and Krispy Krunchy Foods-Phoenix, LLC ("Phoenix").  Both companies were created by filing Articles of Organization with the Louisiana Secretary of State.

Neither of the Articles of Organization address dissolution of the company. Also, in 2011, KKF and Jenna entered into a contract entitled "Agreement and Consent to Admission of Assignee Jenna Marketing, LLC, as a New Member" (the "Contract"). The Contract grants 49% ownership in California to Jenna and also establishes the terms and conditions of KKF's and Jenna's sales relationship. Even though, there was no similar contract with regard to Phoenix, the parties operated under the terms of the California Contract for all of Jenna's relationship with KKF.

In 2016, KKF informed its marketing partners that changes were necessary to the operating agreement. Jenna claims that the purpose of the changes was to force out the marketing partners without paying them the fair value of their interests. KKF suggests that the vast majority of the marketing partners, other than Jenna, agreed to the new terms, whereas Jenna claims that all of those partners have since been forced out.

Negotiations between KKF and Jenna began in 2017 and ended without success in December 2020. Jenna claims that the collapse of negotiations was due to KKF's insistence that Jenna abandon the bulk of its buyout rights if it was terminated as a member of the entities. According to Jenna, the parties were in full agreement on operational issues. KKF concluded that based on the impasse between it and Jenna, further attempts at negotiation would be futile.

On September 21, 2021, KKF terminated Jenna's rights to market the Krispy Krunchy® and instructed the company to cease all its efforts on behalf of Krispy Krunchy®. Jenna has notified KKF that it intends to withdraw as a member from both

California and Phoenix and all of the members of both California and Phoenix wish to terminate their co-ownership in these two companies.

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v.*

*Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Both parties agree that the California and Phoenix limited liability companies should be dissolved. Jenna disputes that there is an impasse as to the operations of the company but suggests that KKF's true motive for forcing the marketing partners and Jenna out is to "dress the company (KKF) up for new investors by reducing its contractual obligations."[1] Jenna's main concern is that KKF's "operations" arguments are simply to cover for an attempt to sidestep KKF's payment obligations. Jenna posits that the motion should be denied so that discovery can be done, or alternatively, if the Court decides to dissolve the companies, preserve Jenna's payment rights. Jenna also informs the Court that it gave KKF a Notice of Termination under the requirement of the Contract that will be effective in January of 2022.

While both parties now agree that the companies should be dissolved, the Court is concerned about the fact that a Notice of Termination authored by Jenna was sent to KKF that will be effective in January 2022. The Court has found in the record an "Agreement and Consent to Admission of Assignee Jenna Marketing, LLC, as a New Member"[2] which provides a 90-day notice of intent to resign, withdraw or disassociate from **Los Angeles**.

---

[1] Opposition to Motion for partial Summary Judgment, p. 5, Doc. 60.
[2] Plaintiff's exhibit 6, Doc. 57-7.

Jenna states that it "does not wish for dissolution to the extent it would lead to the elimination of KKF's obligations under Sections 8. Shapiro Ex 6 ¶ 8." The Court will assume that Jenna is referring to Plaintiff's Exhibit 6 which is the "Agreement and Consent to Admissions of Assignee Jenna Marketing, LLC, as a New Member" ("Los Angeles") between KKF and Jenna for its Los Angeles, LLC which is herein referred to as California. Paragraph 8 of the Los Angeles a/k/a California Contract provides as follows:

> The Parties agree that in the event either KKF or Jenna Marketing, LLC wishes to resign, withdraw or disassociate from **Los Angeles,** such member will give no less than 90 days notice to the other member, and the member that resigns, withdraws or disassociates from Los Angeles shall be entitled to receive fair value of its membership interest upon withdrawal.[3]

KKF proposes that the Court utilize one of three (3) means to dissolve the limited liability companies: (1) voluntary dissolution as defined in the organizational documents; (2) voluntary dissolution by affidavit of the members, or (3) judicial dissolution resulting from a request to a court. However, it appears that Jenna' Notice of Intent to withdraw under Section 8, which becomes effective January 2022 is indeed a voluntary dissolution as defined in the organizational document. Consequently, as to the dissolution of the California and Phoenix limited liability companies, there is no need for Court intervention.

Of note, it also appears that concerning judicial dissolution, there are genuine issues of material fact for trial as to whether or not it is no longer reasonably practicable to continue operating in conformity with the organizational documents. Jenna has submitted

---

[3] Plaintiff's exhibit 6, ¶ 8, Doc. 57-7 (emphasis added). Again, the Court will assume Jenna was referring to Plaintiff's exhibit 6, the Los Angeles Contract and not the Shapiro Declaration, which is Plaintiff's exhibit 2 or Defendant's Exhibit A, attached to the Declaration of Harry Markowitz Doc. 60-3.

summary judgment evidence through the Declarations of Larry Russ and Harry Markowitz,[4] that all complaints by customers to KKF were resolved by Jenna.[5]

More significantly, is the issue of any "payout" to Jenna for its 49% interest in the limited liability companies. As noted by Jenna, no discovery has been conducted in this case. Accordingly, the Court will reserve Jenna's right, whether by statute or by contractual obligations, whichever the case may be, to pursue the appropriate "payout" once the effective date of dissolution becomes effective in January 2022.

## CONCLUSION

For the reasons set forth above, the Motion for Partial Summary Judgment filed by KKF to judicially dissolve the Krispy Krunchy Foods—California, LLC ("California") and Krispy Krunchy Foods—Phoenix, LLC ("Phoenix") will be denied.

**THUS DONE AND SIGNED** in Chambers on this 17th day of December, 2021.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**

---

[4] Docs. 60-2 and 60-3.
[5] Defendant's exhibit 1, Markowitz Decl. ¶¶ 9-14.