**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **KRISPY KRUNCHY FOODS, L.L.C.** | **CIVIL ACTION NO. 6:20-CV-01424 (LEAD)**<br>**CIVIL ACTION NO. 6:21-CV-00456 (MEMBER)** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **JENNA MARKETING, L.L.C.** | **MAGISTRATE JUDGE DAVID J. AYO** |

**O R D E R**

Now before this Court is a motion for reconsideration (Rec. Doc. 191) filed by Krispy Krunchy Foods, LLC ("KKF") seeking reconsideration of this Court's prior Order, issued January 10, 2023, regarding a then-pending motion to compel (Rec. Doc. 77) filed by Jenna Marketing, LLC ("Jenna"). For the reasons assigned below, KKF's motion for reconsideration is DENIED.

Jenna's motion to compel, filed on March 16, 2022, was resolved in a piecemeal fashion before this Court, beginning with the undersigned's predecessor and continuing to this day. KKF's instant motion alleges a variety of errors of law and fact committed by this Court in its prior Order, employing a tone that this Court finds unnecessary and unfortunate. KKF is correct in its assertion that relevance and proportionality are central to any court's consideration of evidentiary matters.[1] Observing these precepts, we begin with the framework established in the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 26 permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery

---

1 Rec. Doc. 191-1 at pp. 8-9.

> in resolving the issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit.

Fed. R. Civ. P. 26(b)(1).

"At the discovery stage, relevance includes '[a]ny matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Lou v. Lopinto*, 2022 WL 1447554 * 3 (E.D. La. 3/24/22) (quoting *Rangel v. Gonzales Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted)). Accordingly, "relevance" is interpreted broadly at the discovery stage, in keeping with the notice pleading requirements of the Federal Rules. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947), 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)). Rule 26 specifically addresses the proportionality requirement, establishing factors to assist in the observance of meaningful parameters for the production of relevant evidence: (1) the importance of the issues at stake; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs the likely benefit. Fed. R. Civ. P. 26(b)(1).

Objections to requests for discovery or disclosure under Rule 26 are governed by Federal Rule of Civil Procedure 34, which provides that a party served with requests for disclosure or discovery must, within 30 days, respond to each such request by either disclosing or producing the requested information or by objecting to disclosing or producing such information "with specificity" and, further, must disclose or produce all portions of such requested information not subject to the specific objections lodged. Fed. R. Civ. P. 34(b)(2). In this way, the Federal Rules recognize that a party propounding a discovery request under Rule 26 is presumed to have observed the relevancy and proportionality requirements, allocating the burden of proof to any

opposing party to demonstrate that such request does not meet these requirements. Fed. R. Civ. P. 26(g)(1)(B); *Samsung Electronics America, Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 592 (N.D. Tex. 3/7/2017) (observing the initial burden of proof regarding objections to discovery lies with the party resisting discovery).

A party requesting disclosure or discovery under Rule 26 met with one or more objections pursuant to Rule 34 may file a motion to compel disclosure or production. Federal Rule of Civil Procedure 37(a) governs the filing of motions to compel and provides that

> [u]pon notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

A party filing a motion to compel bears the burden of establishing the discovery sought is, as represented in its initial request pursuant to Rule 26(g)(1)(B), relevant, proportional, and not propounded for the purpose of harassment or for other improper motive. *Mirror Worlds Technologies, LLC v. Apple, Inc.*, 2016 WL 4265758 *1 (E.D. Tex. 3/17/2016) (internal citations omitted). Once the movant establishes the discovery sought falls within the broad scope of discovery permitted under Rule 26, the burden shifts to the non-moving party opposing disclosure or production to "substantiate its objections." *Wymore v. Nail*, 2016 WL 145237 * 1 (W.D. La. 4/13/2016) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)).

KKF asserts this Court erred in ordering production of the transactional documents between KKF and Main Post Partners ("MPP") and a May 2017 Business Plan Memorandum, subject to various redactions, with the designation of "Confidential – Attorneys' Eyes Only"

pursuant to the joint protective order entered in this case. *See*, Rec. Doc. 108. We take the opportunity provided by KKF's instant motion to elaborate on our prior findings.

I. <u>KKF's objections are really about the merits</u>

Jenna's Third Amended Complaint asserts claims against KKF for breach of fiduciary duty, breach of contract, violation of Arizona and California law of independent sales representatives, and for declaratory relief as to the New Member Agreement executed between the parties. (Rec. Doc. 153). Included within these claims is the allegation that KKF sought to eliminate market partners like Jenna to make itself more attractive to private equity firms with which KKF hoped to confect a sale. (*Id.* at ¶¶ 45, 47, 52). Considering the claims asserted by Jenna, information pertaining to the eventual equity investment by MPP on November 17, 2021 is clearly relevant under Rule 26.

KKF's opposition to the motion to compel and the instant motion for reconsideration reveal its objections to Jenna's requested discovery of the transaction document go to the merits of the case. KKF argues that Jenna's valuation theory is flawed and that, if permitted by the Court, would undermine the very tenets of limited liability corporations under Louisiana law. (Rec. Doc. 191-1 at pp. 14-17). KKF characterizes Jenna's claims against it as an attempt to improperly take a portion of its profits, despite the prior distribution of those profits according to the New Member Agreement between them. (*Id.* at p. 14-15). For these reasons, KKF denies that the transaction documents and, specifically, the price paid by MPP for its equity purchase in KKF, are relevant.

KKF would have the Court limit the issues for consideration to the contract between KKF and Jenna, ignoring Jenna's claims regarding KKF's alleged breach and its alleged motive for such breach, in addition to its claim for breach of fiduciary duty. In pressing its theory of the case, KKF conflates the relevancy of the transactional documents executed between KKF and MPP with what

are issues of fact for trial, including competing theories of valuation as to KKF – California and KKF – Phoenix.

This Court understands KKF's desire to limit Jenna's ability to bring evidence of its transaction with MPP in this case. However, at this stage of the litigation, Jenna's allegations related to KKF's transaction with MPP remain relevant, since no party has narrowed the issues via motion practice. To be specific, Jenna's claims of breach and for damages associated with that alleged breach fairly relate to the contemporaneous sale of KKF, not only as to breach, but also for damages calculation. This Court expects that, should the case progress, each party will employ expert witnesses to opine on the value of Jenna's claimed damages and whether or not the purchase price paid by MPP is properly considered for valuation purposes. Until it is established in this case that the contemporaneous sale of a business is not properly considered as to a claim for breach of contract and/or fiduciary duty by the business toward its subsidiary, this Court rejects KKF's arguments regarding relevancy. Similarly, KKF's allegation that Jenna fails to satisfy its burden of demonstrating relevancy because it has not specified its damages calculation model is unavailing. Again, competing theories of valuation are at the heart of the merits of this case and exclusion of evidence which is not shown to be irrelevant is improper.

II. <u>KKF does not carry its burden</u>

Having satisfied its burden to show relevancy as to claims asserted or that such evidence will lead to the discovery of relevant evidence, the burden rests with KKF to show that no theory of valuation could include this evidence. KKF has not carried its burden. As explained above, that Jenna's theory of valuation may not ultimately be successful does not amount to a showing that evidence sought in pursuit of that theory is irrelevant at this time. Moreover, KKF's argument against the necessity of this evidence presumes its view of the issues is adopted by Jenna and the

Court. Again, at this stage of litigation, this Court's *sua sponte* narrowing of issues via evidentiary ruling would be inappropriate.

III. KKF does not explain why the protective order entered in this case is insufficient to protect its interest

As pointed out by Jenna, the parties asked this Court to approve and enter its "Agreed Protective Order" in this case, which relief was granted on July 19, 2022. (Rec. Doc. 108). KKF cites *United States v. U.S. Fruit*, 410 F.2d 553 (5th Cir. 1969) in support of its argument that Jenna fails to show the necessity of production of the transaction documents in this case, cautioning this Court that our failure to adhere to its view will result in this Court "running afoul" of this Fifth Circuit jurisprudence. (Rec. Doc. 206 at p. 9). KKF fails to address the necessary balance between Jenna's showing of relevancy, KKF's own assertions of "trade secrets," and the protections provided by the Agreed Protective Order. KKF also fails to establish what material within the disputed discovery constitutes a "trade secret" under applicable law. Were this Court to agree that some or all of the content of the disputed discovery constituted a "trade secret" belonging to KKF, such finding is not an absolute bar to discovery. "The courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure." *Federal Open Market Committee of Federal Reserve System v. Merrill*, 443 U.S. 340, 361-62 (1979) (quoting Advisory Committee's Notes on Fed. R. Civ. P. 26).

As explained in this Court's prior Order, production of the transaction documents and the May 2017 Business Plan Memorandum is to be made with the designation "Confidential – Attorneys' Eyes Only[.]" (Rec. Doc. 179). Indeed, this Court questions the purpose of an agreement making such a designation available, if not for information one or both parties suggest is sensitive. Although we take as true for these purposes KKF's allegation that Mr. Markowitz is

now a competitor in KKF's market, this alone does not justify withholding evidence which, again, this Court finds Jenna has shown to be relevant under Rule 26. The Agreed Protective Order should be employed to facilitate the exchange of evidence under conditions that prevent the harm feared by KKF.

**Conclusion**

Having considered KKF's motion for reconsideration, this Court finds the motion should be DENIED in all respects. This Court's prior Order of January 9, 2023 stands as issued. (Rec. Doc. 179). This Court further cautions counsel for KKF that, while it appreciates the need for zealous advocacy on behalf of its client in this litigation, counsel's fulfillment of that obligation need not compromise the high standard of professionalism and courtesy this Court expects of all parties.[2]

The stay previously entered as to this Court's prior Order is hereby VACATED and KKF shall produce the transaction documents and May 2017 Business Plan Memorandum, subject to the redactions previously permitted under this Court's January 10, 2023 Order, within TEN (10) DAYS of the issuance of this Order. Further appeal of this Court's prior Order shall be directed to the presiding judge in this matter, including, specifically, any motion for a stay of discovery pending such appeal.

**THUS DONE AND SIGNED** this 6th day of April, 2023.

**HONORABLE DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Specifically, counsel for KKF will refrain from speculative and unnecessary arguments regarding this Court's docket and allocation of resources thereto. *See*, Rec. Doc. 191-1 at pp. 6-7).